UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO GODHIGH,

    Plaintiff,

v.                               Case No. 3:23-cv-873-MMH-LLL

SUWANNEE C.I. and MR. THOMAS,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Mario Godhigh, an inmate of the Florida penal system, who is proceeding *pro se*, initiated this action by filing an incomplete, unsigned Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Godhigh asserts that two officers jumped on him in the H-wing medical room of Suwannee Correctional Institution. He requests to be transferred.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1] Godhigh did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed in forma pauperis.

> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

Godhigh is a prolific, three-strikes litigant.[2] This Court takes judicial notice of cases previously filed by Godhigh that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 1:12-cv-23418-WMH (S.D. Fla.) (failure to state a claim); (2) 1:12-cv-24305-DLG (S.D. Fla.) (failure to state a claim); (3) 3:17-cv-1229-HES-PDB (M.D. Fla.) (failure to state a claim); (4) 1:18-cv-24270-DLG (S.D. Fla.) (failure to state a claim and frivolous); and (5) 3:19-cv-1410-HLA-JBT (M.D. Fla.) (frivolous).

Because Godhigh has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Godhigh may initiate a new

---

[2] Godhigh has been informed numerous times that he is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), and his cases have been dismissed on that basis. See Order (Doc. 4), No. 5:18-cv-214-MCR-GRJ (N.D. Fla.). Therefore, to proceed in forma pauperis, Godhigh must be in imminent danger of serious physical injury at the time a civil rights complaint is filed. See 28 U.S.C. § 1915(g). Otherwise, he must pay the $402 filing fee immediately and in full.

civil rights action by filing a new civil rights complaint form and paying the full $402.00 filing fee.

The Court further advises Godhigh that courts generally will not interfere with matters of prison administration, including an inmate's custody status or his place of incarceration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

caw 7/27
c:
Mario Godhigh, #M28779